## DICKERMAN vs. BOWMAN.

In an action against the accommodation indorser of notes signed by L. in the firm name of L. & C. *after* the firm had been dissolved, the answer alleged that at the dissolution of the firm the plaintiff held notes of the firm for the same amount as those sued upon, on which the defendant was an accommodation indorser; that the firm had made an assignment of all its effects by which those notes, being in a preferred class, were fully secured, as the plaintiff knew; that on the day of the execution of the notes sued upon, the plaintiff informed the defendant that he had made an arrangement with L. & C. to extend the time of payment of the first mentioned notes upon their giving new notes, if the defendant would indorse them; that the defendant, believing the representation of the plaintiff that he had procured the assent of both L. & C. to the arrangement, went with the plaintiff to L., who signed the notes sued upon in the name of L. & C., and the defendant indorsed them, supposing from the plaintiff's representations, that he had procured the assent of C. that L. should sign the notes in their firm name; that C. never authorized L. to sign the notes in the firm name; that the representations of the plaintiff in that particular were untrue and the defendant was deceived thereby; that when the new notes were made, the old ones were given up to be cancelled; that C. refuses to recognize the authority of L. to bind him by the execution of the notes sued upon; and that the assignee of L. & C. refuses to pay them or any part of them. *Held*, that the answer did not state facts sufficient to constitute a defense.

APPEAL from the Circuit Court for *Milwaukee* County. Complaint against *Bowman* as indorser of four notes al-

June Term, 1861.

DICKERMAN
v.
BOWMAN.

leged to have been executed on the first of December, 1859, by J. C. Lee and Charles Cain, under the firm name of Lee & Cain. The answer admitted that the notes were drawn by Lee, and signed by him in the partnership name, and after being indorsed by the defendant, were delivered to the plaintiff; but it alleged also that the firm of Lee & Cain was dissolved on the 13th of May, 1858, on which day the firm made a general assignment of all its property to one Kinney, in trust for their creditors; that the plaintiff was one of said creditors, and held the notes of Lee & Cain, upon which the defendant was an accommodation indorser; that the notes so held by the plaintiff were in the class of preferred debts, and were fully secured by the assignment, of which the plaintiff had notice; that on the day of the execution of the notes sued upon, the defendant was informed by the plaintiff that he had made an arrangement with said Lee & Cain to extend the time of payment of the notes first mentioned, for a specified period, upon their giving new notes for the amount, provided the defendant would indorse them; that the defendant, believing the representation of the plaintiff that he had procured the assent of both Lee and Cain to said arrangement, went with the plaintiff to said Lee, who signed the notes sued upon in the name of the firm, and the defendant indorsed them supposing, from the representations of the plaintiff, that he had procured the assent of Cain that Lee should execute the note in their joint names; that the representations of the plaintiff in that particular were untrue, and that he was deceived thereby; that in fact said Cain had never assented to the arrangement or authorized Lee to execute the notes in the firm name; that the old notes were given up by the plaintiff to be cancelled; that Cain refuses to recognize the authority of Lee to bind him by the execution of the notes sued upon; and that the assignee of Lee & Cain refuses to pay them or any part of them.

On the trial the defendant proposed to prove the facts alleged in the answer, admitting at the same time, "that the notes sued on were given in renewal of other notes of the same amount given by the firm of Lee & Cain and indorsed

by the defendant, the old notes being given up at the same time; and that Lee & Cain executed on the 13th of May, 1858, a general assignment for the benefit of creditors, in which the defendant was preferred to the full amount of said notes for the purpose merely of indemnifying him as such indorser, he having no other claim upon them." To the introduction of the testimony, in connection with the admissions, the plaintiff objected, and the court excluded it, on the ground that the facts stated in the answer, with the admissions so made, would not, if proved, constitute a defense to the action.

Verdict and judgment for plaintiff.

*Butler, Buttrick & Cottrill*, for appellant, insisted, 1. That after the dissolution of a firm neither party has any authority to bind his former partner by giving a promissory note in the name of the firm; and that this rule applied to notes given in renewal of notes made by the firm before its dissolution. Edw. on Bills, 111; Chitty on Bills, 52; *National Bank vs. Norton*, 1 Hill, 572; *Mitchell vs. Ostrom*, 2 id., 520; *Vernon vs. Manhattan Co.*, 22 Wend., 183; *Bristol vs. Sprague*, 8 id., 423; *Woodford vs. Dorwin*, 3 Vt., 82; *Woodworth vs. Downer*, 13 id., 522; *McPherson vs. Rathbone*, 11 Wend., 97; *Dolman vs. Orchard*, 2 Carr. & Payne, 104; *Whitman vs. Leonard*, 3 Pick., 177; *Yale vs. Eames*, 1 Met., 486; *Parker vs. Macomber*, 18 Pick., 505; *Sanford vs. Mickles*, 4 Johns., 224; *Offat vs. Breedlon*, 4 Miller (La.), 31. 2. If Cain had, by parol, authorized Lee to sign the former firm name to the notes, Cain would have been liable upon them (Chitty on Bills, 53; *Smith vs. Winter*, 4 Mees. & Wel., 454; *Graves vs. Merry*, 6 Cow., 701); and the appellant had a right to suppose, from the representations of the plaintiff, that this authority had been given.

*Finches, Lynde & Miller*, contra, to the first point cited Coll. on Part., § 546; 3 Kent, 5th ed., 63; Gow on Part., 231; Story on Part., §§ 324, 328; *Brown vs. Higginbotham*, 5 Leigh, 583; *Geortner vs. Canajoharie*, 2 Barb., 625; *Murray vs. Mumford*, 6 Cow., 441; *Morse vs. Bellows*, 7 N. H., 568; *Darling vs. March*, 22 Me., 184. 2. If it be true that the assigned property was sufficient to pay all the preferred

debts, and if, as admitted, *Bowman* was preferred to the full amount of the notes for the purpose of indemnifying him as their indorser, then he is amply protected. The notes in suit are only renewals of his old indebtedness.

June Term, 1861.

DICKERMAN
v.
BOWMAN.

*By the Court*, DIXON, C. J. The questions in this case arise upon an exception to the decision of the county court refusing to receive any evidence on the part of the defendant, on the ground that the answer does not state facts sufficient to constitute a defense to the action. The plaintiff objected for that reason, and the court sustained the objection. It is therefore as if the case stood upon a demurrer to the answer. We think with the county judge that the answer is insufficient. The position assumed by the defendant's counsel is that the copartnership between Lee and Cain being dissolved, Lee had no authority to bind Cain by giving the notes in suit in the name of the firm; that the defendant was induced to indorse the notes by the representation of the plaintiff that Cain had assented to become liable on them as maker, which was untrue; and that he was thereby injured, because instead of having the liability of both Lee and and Cain, as he supposed, he has that of Lee alone so far as these notes are concerned. Conceding that the propositions of law involved in this argument are correct, still it must fail for want of an averment of the most material fact upon which it is predicated. It is not alleged in the answer that the plaintiff represented to the defendant that Cain had assented to become liable on the notes as made by Lee, or that he had authorized Lee to execute them in the name of the firm. The answer contains no direct or positive averment of the kind. It merely avers that at the time of the execution of the notes the plaintiff informed the defendant that he had arranged with Lee and Cain to extend the time for payment as specified in them, provided the defendant would indorse them. This is entirely consistent with the supposition that Cain intended to sign the notes himself, and tends not at all to the conclusion that he authorized or assented to their execution by Lee in the name of the firm. The arrangement could be made without au-

December 11.

thority by either partner to the other to use the name of the firm in carrying it out; and being made, the inference would be that they contemplated that it would be completed in a lawful manner, that is, by each partner putting his own signature to the notes. Hence the representation that Cain had assented to the arrangement is by no means a representation that he had assented that Lee should execute the notes in the former partnership name.

It is alleged that the plaintiff and defendant went together to the office formerly occupied by the firm, where they found Lee alone; that the plaintiff produced the notes and Lee signed them in the name of the firm, and thereupon the defendant indorsed them, " believing and supposing from the representations of said *Dickerman*, that he had procured the consent of said Cain thereto, and had procured said Cain to authorize said Lee to execute the same in their joint names." This is the only intimation contained in the answer that the plaintiff made any such representations as those relied upon in the argument. It is obviously not an averment of a material fact in any legal or proper form, but purports merely to be a statement of the defendant's belief at the time he indorsed the notes, unsupported by any fact upon which such belief could reasonably be founded. It appears that the defendant was already liable for the debt; that he was familiar with the affairs of the late firm of Lee & Cain, and knew that they had dissolved; that he was present when the notes were executed, and knew that they were signed by Lee alone. From these and all other circumstances attending the transaction, the presumption must be that he acted upon his own judgment in the premises, and not upon statements made by the plaintiff.

It is true that he subsequently says " that he is informed by said Cain and verily believes it to be true, and he therefore avers, that said Cain never assented to any such arrangement, or authorized said Lee to execute said notes in their joint names, and therefore that the representations of said plaintiff in that particular were untrue, and that he was deceived thereby." It might, perhaps, be urged that this, with the previous allegation, constitute a good averment that he

was misled by the representation that Cain had assented to the arrangement, when in truth he had not. But the previous allegation is too general and uncertain to support a charge of fraud. To sustain it the facts constituting the fraud should be clearly and specifically stated, and nothing should be left open to inference or doubt; and most especially should they not be consistent with a supposition of innocence on the part of the accused.

June Term, 1861.

The falsehood, if any, must have consisted in the plaintiff's representing that Lee and Cain, each for himself, had assented to the arrangement, when he knew that they had dissolved and consequently that such individual assent was necessary to bind both. The fact of dissolution must have been before his mind, and the representations made with reference to it. Of these facts necessary to a fraudulent affirmation, neither the plaintiff's knowledge of the dissolution, nor a statement by him that Lee and Cain had individually consented, are averred. It appears that he knew that they had been partners, and that he had dealt with them as such; but there is nothing in the answer to show that he knew they had dissolved. The representation, therefore, is entirely consistent with his innocence. Believing that the partnership still continued—for the contrary cannot be assumed—he applied to Lee, who assented to the arrangement. Under such circumstances that was sufficient to authorize him to say that Lee and Cain had assented, and the statement was neither false nor fraudulent.

For these reasons the circuit court was right in rejecting the evidence, and the judgment must be affirmed.

Ordered accordingly.